## IN THE SUPERIOR COURT OF GUAM

LEA M. SIRUELO, in her capacity as
Administrator in the ESTATE OF
GLORIA S. VILLANUEVA,

                Plaintiff

             vs.

JOE S. BESAGAR,

            Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL CASE NO. CV851-11

DECISION AND ORDER
(MOTION TO VACATE DEFAULT
JUDGMENT)

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on July 11, 2012, relative to Joe S. Besagar's Motion to Vacate Default Judgment. Attorney Vanessa Ji appeared on behalf of Joe S. Besagar ("Defendant"). Attorney Helkei S. Hemminger appeared on behalf of Lea M. Siruelo ("Plaintiff"). The Court took the matter under advisement. Upon review of the evidence, written and oral arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order.

### BACKGROUND

On May 23, 2011, a Verified Complaint for Unlawful Detainer, Ejectment, Trespass, Unjust Enrichment and Damages was filed against Defendant Joe S. Besagar. Defendant was served with a Summons and a copy of the Complaint on May 25, 2011. Declaration of Service

SIRUELO v. BESAGAR (CV851-11)
MOTION TO VACATE DEFAULT JUDGMENT

(May 25, 2011). On June 17, 2011, Plaintiff filed an Application for Entry of Default Judgment Against Defendant Joe S. Besagar. Plaintiff based her application on Guam R. Civ. P. 55 (a), asserting that "Defendant had the statutory twenty (20) days to answer the complaint, the date of which was June 14, 2011. Defendant failed to plead or otherwise defend this action." Pl's Application for Entry of Default Judgment Against Defendant Joe S. Besagar (Jun 17, 2011). Plaintiff also filed a Declaration of Non-Military Service on June 24, 2011. As a result, an Entry of Default was filed on June 29, 2011, pursuant to Rule 55 (a) and (b). Subsequently, Plaintiff filed her Motion for Entry of Default Judgment Against Defendant Joe S. Besagar on July 19, 2011.[1]

On August 10, 2011, Default Judgment Against Defendant Joe S. Besagar was executed by the Honorable Elizabeth Barrett-Anderson. On October 26, 2011, the Default Judgment was reaffirmed reflecting a corrected amount of $69,600 in Paragraph 2.

Defendant now moves this Court to vacate the Default Judgment, arguing that it "was entered without notice of the hearing on the default and the required hearing to ascertain the damages." Def's Mot. to Vacate Default Judgment (May 10, 2012).

Plaintiff objects to Defendant's motion. Plaintiff contends the following: (1) The Court has subject matter jurisdiction to adjudicate the ejectment action; (2) It is Defendant's fault that entry of default and the inevitable default judgment was taken against him; (3) Because Defendant failed to answer or otherwise appear in the action, Defendant was not entitled to the three-day notice requirement under GRCP Rule 60(b) for hearings on default judgments. (4) Vacating the default judgment will result in prejudice to the Estate; (5) There is no fraud,

---

[1] An Ex Parte Application for Order Shortening Time to Hear Motion for Default for Defendant Joe S. Besagar was granted by the Honorable Elizabeth Barrett-Anderson on July 19, 2011.

SIRUELO v. BESAGAR (CV851-11)
MOTION TO VACATE DEFAULT JUDGMENT

collusion or misrepresentation; and (6) The Court did conduct a hearing on damages. Pl's Opp'n to Def's Mot. to Set Aside Default J. (Jun 27, 2012).

## DISCUSSION

Guam Rules of Civil Procedure 60(b) provides relief from judgments or orders for the following reasons:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

Guam R. Civ. P. 60(b) (2010).

Defendant seeks relief from the Default Judgment pursuant to Rules 60(b)(3),(4),(5) and (6). In view of this, Defendant contends that there is no time limit on Rule 60(b)(4) motions. See *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶59. Likewise, Defendant asserts that his motion is brought within nine months of the Default Judgment and six months from the subsequent affirmance of the Judgment by way of vacating the duplicate default judgment, thus it is timely under all subsections of Rule 60 (b)." Def's Mot. to Vacate Default Judgment (May 10, 2012).

Defendant, inter alia, argues that relief is mandatory because the unlawful detainer action was taken with the intent to delay and defraud Defendant of his demands. Specifically,

Defendant alleges that Plaintiff was aware of Defendant's ongoing possession, maintenance and improvement to the Property at least since early 2010. Moreover, Defendant contends that the Court should find the Unlawful Detainer Action and subsequent Default Judgment are void and that relief is mandatory under Rule 60(b)(4). *Id.* On account of this argument, the movant must demonstrate by clear and convincing evidence that the adverse party engaged in fraud, misrepresentation or other misconduct; and that the adverse party's conduct prevented the moving party from fully and fairly presenting its case during trial. See *Townhouse Dept. Stores v. Ahn,* 2003 Guam 6 ¶ 55.

"A court will deny a motion to set aside a default judgment if it is shown that (1) the defendant's culpable conduct led to the default; (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside." *Melwani v. Arnold,* 2010 Guam 7 ¶ 27 (citing *Midsea v. HK Engineering, Ltd.,* 1998 Guam 14 ¶ 5). A finding of but one of the three elements is sufficient to deny vacation of a default judgment. *Id.*

In the instant case, Defendant was served with summons and a copy of the complaint on May 25, 2011, two days after the Plaintiff filed the complaint. <u>Declaration of Service</u> (May 25, 2011). The summons commanded Defendant that he had twenty (20) days from the date of service to answer, or else be held in default.[2] The record is devoid of any answer or appearance by Defendant in this matter. If Defendant made an appearance in the instant matter, written notice of the application for judgment at least three days prior to the hearing on such application would have been required. The Court agrees with Plaintiff that Defendant does not contest the manner in which the summons and complaint were served. Nor does he contend that he had

---

[2] Guam R. Civ. P. 12 provides that a defendant shall serve an answer within 20 days after the service of the summons and complaint upon the defendant, except when service is made under Rule 4 є and a different time is prescribed by in the order of court.

"appeared." He simply complains that he did not get notice of the default judgment hearing and alleges that this amounts to the Estate's attempt to defraud and delay him. Accordingly, the Court finds that Defendant's culpable conduct led to the default and there was no notice violation with the case at bar.

With the first element satisfied relative to denying a motion to vacate default judgment, the Court finds it sufficient also to deny Defendant's motion. *Melwani v. Arnold,* 2010 Guam 7 ¶ 27 (citing *Midsea v. HK Engineering, Ltd.,* 1998 Guam 14 ¶ 5). However, the Court also notes that a challenge to a default judgment as to damages is justified as an extraordinary relief. *Mariano v. Surla,* 2010 Guam 2 ¶ 48. In the instant case, the Court agrees with Defendant that there was no hearing to ascertain damages after the default. A defendant may not be precluded from relief under Rule 60(b)(6) as to damages, even if one's culpable conduct led to entry of the default judgment establishing liability. Therefore, the power vested in the courts under Rule 60(b)(6) is sufficient to enable the Court to vacate judgment whenever such action is appropriate to accomplish justice. *Brown v. Eastman Kodak Co.* 2000 Guam 30 ¶ 18. Accordingly, the Court will Grant Defendant's alternative request to vacate the default damages as to damages only. This also comports with Plaintiff's request to an evidentiary hearing to establish its damages after the Court's vacation of the default judgment as to damages.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

By a preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion to Vacate Default Judgment, but GRANTS Defendant's Motion to Vacate the Default Judgment as to damages.

Further Proceedings is set for October 17, 2012 at 9 a.m.

**SO ORDERED** this _19_ day of _Sept._, 2012.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

C. Cabot, V. Ji

Date: 9/19   Time: 4pm
GA

**Deputy Clerk, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

SEP 1 9 2012

_Enrique F. Aflague, Jr._
Deputy Clerk, Superior Court of Guam

SIRUELO v. BESAGAR (CV851-11)
MOTION TO VACATE DEFAULT JUDGMENT